## CIRCUIT COURT OF AMHERST COUNTY

Commonwealth of Virginia

v.

Roger D. Edwards

November 15, 1993

Case No. 8341

BY JUDGE J. MICHAEL GAMBLE

On Friday, November 12, 1993, I took this matter under advisement pursuant to the Motion to Strike made by Mr. Pendleton. At that time, Mr. Pendleton indicated that he did not anticipate offering any evidence on behalf of the Defendant in the event that the Motion to Strike was not sustained. Thus, I am treating this as a Motion to Strike at the conclusion of all of the evidence.

Mr. Edwards is charged with driving under the influence, second offense. This case comes to the Court on appeal from the General District Court of Amherst County.

The Defendant raises two grounds for its Motion to Strike. First, the Defendant argues that the blood test should not be admissible because there was no evidence that the registered nurse who withdrew the blood used soap and water, polyvinylpyrrolidone iodine, or benzalkonium chloride to cleanse the part of the body for which the blood sample was withdrawn as required by § 18.2-268.5 of the Code of Virginia.

Additionally, the Defendant argues that the provisions of § 18.2-268.7 were not complied with because the Director of the Division of Forensic Science did not execute the Certificate of Analysis.

The Court originally gave the parties a period of time to file memoranda. However, I have performed my own research and arrived at a conclusion. Therefore, it is not necessary to file any further memoranda in this matter.

In this regard, both grounds of the Motion to Strike are overruled. First, the Court finds that there has been substantial compliance under § 18.2-268.11 with the procedures set forth in § 18.2-268.2 *et seq.*, of the Code of Virginia. Although there is no specific evidence that the registered nurse used the cleansing solutions required by § 18.2-268.5 of the Code of Virginia, the Court finds that there has otherwise been substantial compliance. Also, the weight of the evidence, considering the manner that the Defendant acted at the time that the police officer arrested the Defendant, support a finding of driving under the influence.

Next, although the Certificate of Analysis was not executed by the Director of the Division of Forensic Science, it was executed by his duly designated representative, J. D. Armstrong, as is allowed under § 18.2-268.7 and § 2.1-20.01:2 of the Code of Virginia. By delegation of authority dated July 1, 1993, Paul B. Ferrara, Ph. D., Director of the Division of Forensic Science, designated James D. Armstrong as one of the persons who could execute and attest to the Certificate of Analysis.

Accordingly, I find the Defendant guilty, and I will give him the same sentence which he received in the General District Court. Accordingly, the Defendant is imposed a fine of $500.00 and given a jail sentence of thirty days with thirty days suspended on the condition that he be of good behavior in all respects and obey all laws for a period of two years. Further, his operator's license is suspended for a period of thirty-six months commencing November 23, 1993. I direct that the Defendant turn in his operator's license to the Clerk of this Court on November 23, 1993.